HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 1.  MARQUIS JACKSON, ) <br> 2.  MARKELL JACKSON, ) <br> 3.  MANDEL JACKSON, ) <br> 4.  EDGAR VALDEZ, ) <br> 5.  KEONDRE JACKSON, ) <br> 6.  MICHAEL YOUNG, ) <br> 7.  SIR TERRIQUE MILAM, ) <br> 8.  TYRELL LEWIS, ) <br> 9.  ROBERT JOHNSON, ) <br> 10. MATELITA JACKSON, ) <br> 11. MIRACLE PATU-JACKSON, ) <br> 12. DIYANA ABRAHA, ) <br> 13. ADEAN BATINGA, ) <br> 14. TIANNA KARASTAN, ) <br> 15. ROBERT BELLAIR, ) <br> 16. RONALD FINKBONNER, ) <br> 17. PATRICK JAMES, ) <br> 18. THOMAS MORRIS, ) <br> 19. CHAD CONTI, and ) <br> 20. PHILLIP LAMONT ALEXANDER, ) <br> ) <br> Defendants. ) | NO. 2:24-cr-00164-JNW <br><br> ORDER APPOINTING RUSSELL M. AOKI AS THE COORDINATING DISCOVERY ATTORNEY |

ORDER APPOINTING RUSSELL M. AOKI AS COORDINATING DISCOVERY ATTORNEY - 1

It is hereby **ORDERED** that Russell M. Aoki of Aoki Law PLLC is appointed as Coordinating Discovery Attorney for court-appointed defense counsel.

The Coordinating Discovery Attorney shall oversee any discovery issues common to all defendants. His responsibilities will include:

- Managing and, unless otherwise agreed upon with the government, distributing discovery produced by the government and relevant third-party information common to all defendants;

- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so duplicative costs are avoided, and the most efficient and cost-effective methods are identified;

- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services;

- Assessing the needs of defense counsel and further identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

- Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information; and

- Providing training on the use of litigation support tools to the defense teams as a group and individually.

When executing these responsibilities, the Coordinating Discovery Attorney shall assess, with input from defense counsel, the most effective and cost-efficient manner of organizing the discovery.

The Coordinating Discovery Attorney's duties do not include providing representation services and, therefore, will not be establishing an attorney-client relationship with any defendant. Discovery intended for counsel of a specific defendant and not to be shared among all defense counsel shall be produced by the government directly to defense counsel for that defendant. Except for discovery matters common to all defendants, discovery issues specific to any defendant shall be addressed by defense counsel directly with the government and not through the Coordinating Discovery Attorney.

Any common discovery already produced by the government before this Order shall be produced by the government to the Coordinating Discovery Attorney within 14 days. Unless otherwise agreed or if time does not allow, any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to all defense counsel, unless the government elects to produce discovery directly to defense counsel with a simultaneous copy to the

Coordinating Discovery Attorney. The government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner.

The Coordinating Discovery Attorney shall petition this Court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for these services, including confirming that the work previously agreed upon was performed. However, the Administrative Office of the U.S. Courts Defender Services Office will pay for his time and the time spent by his staff. All petitions for outside services shall include a basis for the requested funds and an assessment of whether the costs of the services are necessary and reasonable.

The Coordinating Discovery Attorney shall also provide this Court with monthly *ex parte* status reports depicting the status of work, anticipated third-party services, and whether that work remains within the budget of any funds authorized by the Court, with a copy provided to defense counsel.

DATED this 22nd day of November 2024.

Jamal N. Whitehead
U.S. District Court Judge