UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MARQUIS JACKSON,<br><br>　　　　　　Defendant. | CASE NO. 2:24-cr-00164-JNW<br><br>ORDER DENYING MOTION FOR A DETENTION HEARING AND FOR RELEASE |

## 1. INTRODUCTION

This matter comes before the Court on Defendant Marquis Jackson's Motion for a Detention Hearing and for Release. Dkt. No. 281. Having considered the papers submitted in support of and opposition to the motion, as well as the relevant record, the Court DENIES the motion for the reasons below.

## 2. BACKGROUND

On September 25, 2024, a grand jury returned an indictment charging Marquis Jackson with Conspiracy to Distribute Controlled Substances in violation of 18 U.S.C. § 841(b)(1)(A) and Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h). Dkt. No. 1. On October 10, 2024, the grand jury

ORDER DENYING MOTION FOR A DETENTION HEARING AND FOR RELEASE - 1

returned a superseding indictment, adding six defendants to the criminal conspiracy. Dkt. No. 128.

Marquis Jackson was arrested in Atlanta, Georgia on or about October 2, 2024, and stipulated to detention there. Dkt. No. 78. That same day, the Government filed a detention memorandum seeking detention of Marquis Jackson and others involved in the alleged conspiracy. Dkt. No. 31.

On October 31, 2024, after being transported to this district, Marquis Jackson appeared before Magistrate Judge Tsuchida for his initial appearance, arraignment, and detention hearing. Dkt. No. 204. At that hearing, the Government moved for detention, citing flight risk, community danger, and the rebuttable presumption based on the drug charge. Dkt. No. 216. Marquis Jackson stipulated to detention "without prejudice," and the Court entered a detention order on October 31, 2024. Dkt. Nos. 204, 217; *see also* Audiotape: Initial Appearance and Arraignment, Dkt. No. 204 (on file with the Court).

Marquis Jackson now moves for a detention hearing and for release, arguing that he never had a detention hearing consistent with 18 U.S.C. § 3142(f), and proposing a release plan that includes: (1) residing with his girlfriend and their child in Redmond, Washington; (2) wearing an ankle bracelet; (3) obtaining employment; (4) adhering to a curfew; and (5) having a third-party custodian supervise him. Dkt. No. 281 at 2.

The Government opposes the motion, arguing that Marquis Jackson has not presented new information warranting reopening of the detention hearing and, even

if he had, detention remains appropriate under the factors set forth in 18 U.S.C. § 3142(g). Dkt. 282.

## 3.  DISCUSSION

### 3.1  Legal standard.

The Bail Reform Act establishes a comprehensive scheme governing pretrial detention of criminal defendants. Under 18 U.S.C. § 3142(f), a detention hearing "shall be held immediately upon the person's first appearance before the judicial officer" unless the defendant or the Government seeks a continuance. Congress has specified the circumstances under which a detention determination may be revisited: "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f) (emphasis added).

### 3.2  Defendant waived his right to a contested detention hearing.

The right to contest the propriety of pretrial detention, like many rights in our legal system, may be waived through the considered choice of the accused. "[T]he time requirements and the detention hearing itself provided for in section 3142 are waivable." *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) (en banc ). Represented by counsel, Marquis Jackson affirmatively stipulated to detention, foregoing the contested, adversarial hearing provided for by law. The

Court finds that this stipulation waived the detention hearing requirement under § 3142(f), and later efforts to revisit the detention determination are governed by the statute's reopening provision.

Marquis Jackson's characterization of his stipulation as "without prejudice" does not alter this analysis. It does not, as he suggests, render the stipulation a nullity or preserve the right to a de novo detention hearing at a time of his choosing. *See United States v. Lizardi-Maldonado*, 275 F. Supp. 3d 1284, 1289 (D. Utah 2017) (holding that a defendant may not "contest the basis for the hearing" after previously submitting to it); *cf. United States v. Subil,* No. 2:23-cr-00030-TL, 2023 WL 3866709, at *5 (W.D. Wash. June 7, 2023) (finding defendant waived his right to object to a detention hearing). It merely communicated that he might later seek request for release, as was his right, assuming that such request satisfied the statutory requirements for reopening a detention order.

### 3.3 Defendant has not presented new information warranting reopening of detention.

To reopen a detention hearing, Marquis Jackson must present "information . . . that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of detention. 18 U.S.C. § 3142(f). Marquis Jackson has failed to meet this standard.

Marquis Jackson offers three potential release plans: (1) residing with his girlfriend and their child; (2) residing at his maternal aunt's address; or (3) residing at his mother/co-defendant's address. Dkt. 281 at 2. None of this information is new. His girlfriend and child were known to him at the time of the October 31 hearing,

ORDER DENYING MOTION FOR A DETENTION HEARING AND FOR RELEASE - 4

his aunt's address was listed in the Georgia USPS report available at the time of the hearing, and his mother's status as a co-defendant was also known at that time. Dkt. 282 at 4-5.

Marquis Jackson argues that he "was not ready to pitch his release plan on day one, without having conferred with family and pondered his best options to offer as a plan." Dkt. 281 at 7; Dkt. No. 286 at 2. But such a strategic decision does not constitute "information... that was not known to the movant at the time of the hearing" under 18 U.S.C. § 3142(f).

### 3.4  Even if the hearing were reopened, detention would remain appropriate.

Even if Marquis Jackson had presented new information warranting reopening of the detention hearing, the Court would still order him detained based on the factors set forth in 18 U.S.C. § 3142(g).

First, the nature and circumstances of the offense strongly favor detention. Marquis Jackson is charged with serious drug trafficking and money laundering offenses that carry a mandatory minimum sentence of 10 years and a maximum of life imprisonment. Dkt. 281 at 2. As stated in the Government's detention memorandum, Marquis Jackson is alleged to be the leader of a multi-state drug trafficking organization responsible for distributing hundreds of thousands of fentanyl pills. Dkt. 31 at 6–10. These charges trigger a rebuttable presumption that no condition or combination of conditions will reasonably assure Marquis Jackson's appearance and the safety of the community. 18 U.S.C. § 3142(e)(3)(A).

Second, the weight of the evidence against Marquis Jackson appears substantial. The Government's proffer indicates that intercepted communications revealed Marquis Jackson setting up large-scale drug deals and directing others to transport narcotics. Dkt. 31 at 7–10. Law enforcement seized 100,000 fentanyl pills from individuals allegedly acting at Marquis Jackson's direction. *Id.* While this factor is the least important in the detention analysis, it still weighs in favor of detention. *See United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir. 1991).

Third, Marquis Jackson's history and characteristics weigh heavily in favor of detention. He has an extensive criminal history, including convictions for robbery, drive-by shooting, and multiple offenses involving unlawful possession of firearms. Dkt. No. 31 at 6–7; Dkt. 282 at 3–4. This history shows both violent tendencies and a willingness to possess firearms despite legal prohibitions against doing so.

Fourth, the danger posed by Marquis Jackson's release is substantial. The Government proffers that Marquis Jackson has continued to obtain firearms despite prior arrests and convictions for unlawful possession. Dkt. 282 at 4. Additionally, the nature of the charged offense—distributing fentanyl—poses a significant risk to the community. Dkt. 31 at 16.

Given these factors, the Court finds that Marquis Jackson has not overcome the rebuttable presumption in favor of detention, and that no condition or combination of conditions would reasonably assure his appearance or the safety of the community.

## 4. CONCLUSION

In sum, the Court DENIES Marquis Jackson's Motion for a Detention Hearing and for Release (Dkt. 281). He will remain detained pending trial.

Dated this 4th day of April, 2025.

Jamal N. Whitehead
United States District Judge